Our next case is number 232124, United Services Automobile Association v. PNC Bank. Okay, Mr. Jay. Good afternoon, Your Honors. William Jay for USAA. This is the 571 and 779 Auto Capture Patents Appeal. In this case, the motivation to combine finding is not supported by substantial evidence, but before the Court even gets to that, our primary submission is that it should reverse based on the patent inconsistency with the Board's prior decision in Wells Fargo, which reached the opposite conclusion on materially indistinguishable facts. Well, you say they're materially indistinguishable. I can't say that I've gone through the whole record in Wells Fargo, but it was based on different prior art.  Only partially, because the combination in both cases... Well, only partially, but at least it was based on a different record. It wasn't an identical record, identical pieces of prior art. The only prior art difference is Yoon in the prior case and Luo in this case were the two business card recognition references. And Nepomniachtchi, which was the check scanning reference in the prior case, is in this case as well. Yeah, but what case says that we're supposed to go through the process of analyzing a different case with different prior art and different findings to see if it's comparable? None of the cases that you cite involves that kind of situation. It involves situations of specific findings about specific prior art that seem to be inconsistent, often in cases involving the same parties. Well, let me give you a three-part answer. The first part keying off the last thing that Your Honor said about specific references. Remember that the teachings of Nepomniachtchi, that was in the prior case. It's in this case. The board acknowledged that the prior panel had made findings about the teachings of Nepomniachtchi, and it just discounted them based on the notion that that wasn't part of PNC's obviousness combination here. The second thing I'd like to say is... So what's wrong with that? The obviousness is assessed as of the state of the prior art on the priority date, not just the references that the challenger amasses in its IPR petition. We put in both Jun and Nepomniachtchi in this case. We would have put it in even if Nepomniachtchi weren't part of the other side's petition anyway. So the obviousness decision has to be made based on the state of the art, all of the art, on the priority date, and to say, well, that's not one of the references selected by the challenger. I'm sorry, Judge Cunningham. Yes. So it feels like it's an awfully slippery slope for you to contend that there needs to be these comparisons to other art that isn't per se before the board in this matter. I'm trying to figure out how your suggested rule is even operable in real life. I appreciate the question, and this gets back to the second and third of the points that I wanted to make to Judge Dyke's question, because to be clear, we are not urging, as I think Judge Dyke's question asked, that this court has to in every case go back and compare the record, because in this case, number one, you have the overlapping findings that are inconsistent about the same reference. Number two, you have the board's- What are the findings that are inconsistent about the same reference? Be glad to get into that, and then I'll happily come back to finish my answer to Judge Cunningham's question. Go ahead and finish, and then you can come back to my question. Okay. But the point that I'm trying to make is that the other side has admitted that there is no substantive difference between the two business card references, and they were asked could they identify anything that is in Luo that is not in Yun, or anything that is in Yun and is not in Luo, and they couldn't. So I think that combining that with the general principle that all of the obviousness determination needs to be made based on all of the teachings of the prior art on the priority date, not, as in this case, allowing the challenger to back up a year or more, choose an earlier reference and say, well, the teachings of Nepomniachtchi are not in Acharya. So to your question, Judge Dyke, about what the inconsistent findings are, so there really are four. The Wells Fargo panel held that motivation to use an alignment guide is not the same thing as- No, no, but you were going to tell me, you said there were inconsistent findings about a specific, the same specific piece of prior art. Which piece of prior art, and where did they say that? It's Nepomniachtchi, which was the primary reference in the obviousness combination the first time around in Wells Fargo, and is in the record in this case. And then the findings are about, the findings about Nepomniachtchi specifically, and there are others that I'd like to talk about as well, are about the fact that Nepomniachtchi taught solutions to the projective distortion problem. So the Wells Fargo panel- So just show me where in the panel decision here, in the word decision here, do they make an inconsistent finding about that specific reference? So I'm going to give you a two-part answer. One is to say that for the most part they dismissed Nepomniachtchi by saying that it wasn't part of the obviousness combination here. That's not my question. I understand that, but that's why I'm going to give you a single citation. This is in the passage from 41 to 42. It's mentioned in the rehearing decision as well. Nepomniachtchi might teach techniques to correct for projective distortion at a server that receives an image of a check, but PatentOwner points to no persuasive evidence that Acharya includes that disclosure. So in other words, the prior panel, the Wells Fargo panel, has made a finding that the prior art teaches techniques to correct for projective distortion. This panel says it's not going to make such a finding because even though Nepomniachtchi is in the record here, the relevant teachings don't come from Acharya, which is one of the references. I'm totally confused. I'm looking for specific findings about a piece of prior art that are in conflict. What are the two that are in conflict? The finding about Nepomniachtchi might teach techniques to correct. That's inconsistent with Wells Fargo? So the finding that I'm trying to point you to in this paragraph, Judge Dyke, is that the board declines to find that the prior art teaches what Nepomniachtchi teaches and what the Wells Fargo panel had previously held that Nepomniachtchi teaches. But where do they say that Nepomniachtchi doesn't teach something? That's not what they're saying. They're saying that the prior art doesn't teach something because it's not in Acharya. In other words, they are refusing to apply the finding about Nepomniachtchi. Well, they say it because Petitioner did not rely on it for ground. So if Petitioner has other grounds and they can establish that those other grounds make the claims obvious, why are they precluded to do that just because on other grounds, another board found that it did not establish that it was unpatentable? I'm not understanding that. So they are absolutely free to make different arguments based on different combinations. What they're not free to do is to argue, and what the board is not free to do without an explanation, is to say that the teachings of the prior art collectively on the priority date are different than those... So it's a finding about something that the prior art does collectively, not the specific piece of prior art? I'm sorry, I'm not following. The cases do suggest that there might be a problem if they made, in one case, a particular finding about a piece of prior art and then found the opposite in another case. But I'm just not seeing that that's happened here. So I think that the board... The question is not just about the teachings of a particular piece of prior art. So we don't have a conflict in the teachings about a particular piece of prior art? I think you do, Your Honor, but what I'm trying to say is that the board found... Sorry, the Wells Fargo panel found that after the references in this case, Nipomniachtchi came along and taught this server-side technology that can correct for projective distortion. And this panel said that it wasn't going to treat that teaching as being in the prior art because it's in Nipomniachtchi and not in Acharya. But the question, in an obviousness case, one of the key findings is, what is the scope and content of the prior art? Nipomniachtchi is part of the prior art. So the board is compelled to consider pieces of prior art, the combination of pieces of prior art that were not contained in the petition and not argued by PNC if some other board in another case, with different arguments being made, had some suggestion about a piece of prior art that's not in this case. I really want to understand how far you're saying the sweep is of what boards have to do. I think, as you put it in your question, Judge Prost, that's a lot looser than the argument that we're making. This is the same pattern. Different pieces of prior art. Let me finish my question and then you can say why I'm wrong. Different pieces of prior art, different parties, different arguments made by the parties, an entirely different petition that relies on different pieces of prior art. So let me take that in pieces. Not different arguments made by the parties. They're making the same arguments. Well, on different pieces of prior art. Nipomniachtchi is the same piece of prior art. They aren't the same arguments. They are in computational burden in the other one, which the board rejected. I don't see that the same argument is being made here. Respectfully, Your Honor, there were three arguments being made in the Wells Fargo petition. The first is about computational burden. The second is about whether it's desirable to achieve better alignment. And the third is about whether it was desirable to reduce the number of unnecessary images. The second and third are in substance exactly what Wells Fargo is arguing here. And the point about computational burden is a reason why, and this is what I've been trying to get to to follow up on your earlier question about the inconsistent findings. I'm sorry, Judge Cunningham. Part of your argument seems to heavily rely on there being some equivalence between pieces of prior art. Yes. So what is your best citation that you can point the court to to see this alleged equivalence that you're arguing? So the combination in Wells Fargo was Nipomniachtchi with Juhn. Nipomniachtchi is in this case, it's even in the petition. So we don't have to rely on equivalence for that. So for Juhn to Luo, the two business card references, at page 5329 to 5330, the other side's expert was asked if he could identify anything that was in Luo that is not in Juhn or vice versa and couldn't answer that question. So the teachings are basically the same, taking an image of a business card using an alignment guide. And the legal question before the court is the same. Is there a motivation to combine the check scanning reference with not just the alignment guide piece of the other reference, whether it's Juhn or Luo, but the auto capture functionality of the other reference? That's exactly what the board in Wells Fargo concluded there was not a motivation to do and it is what the board in this case concluded there is a motivation to do. I say that into my rebuttal time unless the court has to. Okay, we'll give you two minutes. Thank you, Your Honor. Mr. Lanthier. Thank you, Your Honor, and may it please the court, Greg Lanthier on behalf of PNC. Your Honor, there was really no discussion at all, and this is consistent with USA's briefs, as to the substantial evidence supporting the board's finding of obviousness here. The board correctly found in Appendix 31 that this was a particularly strong and straightforward case. Obviousness found in Appendix 33 was a textbook case of obviousness, and there's really no challenge to that. And so I'll jump right to the issue of whether there's any inconsistency between the Wells Fargo IPRs and the board's decisions in these IPRs, and there is no inconsistency. Is it the case that there's no overlap in the prior art between the prior art considered in Wells Fargo and the prior art combination here that was found to result in obviousness? There is no overlap in the prior art for the independent claims. For a couple of dependent claims, we relied on Nepomniachtchi for a dependent claim. We relied on Yoon for another dependent claim. For the independent claim, that's exactly right, Your Honor. And contrary to what Mr. Jay said, there's certainly no testimony in the record. I think he said that we made an admission that there's no difference between Luo and Yoon. That's not accurate. You can look at the testimony, which I think he referred you to, at Appendix Pages 53, 28, and 53, 30. You're not going to see it there. And, in fact, the board found that the disclosure of Luo that's not present in Yoon, that using the Luo technique would yield accurate images of documents suitable for OCR, was one of the keys to the board's findings of obviousness here because the combination that PNC presented in these IPRs, which was different from what Wells Fargo argued, was that Acharya discloses a checked deposit system. It doesn't say how the image is going to be captured. That's unlike the Nepomniachtchi reference, which did say manual capture. Acharya just doesn't say it. And it doesn't have any provision for any way to improve the OCR ability or the readability of the document, which is also unlike the Wells Fargo primary reference. And the board found that it would have been obvious, given the disclosures in Luo, to use Luo's automatic capture with an alignment guide in order to improve the OCR ability of the document. And that was the entirety, really, of the obviousness combination. It was just a different argument than was made by Wells Fargo. And I think it's very important to remember that there's no overlap between the expert testimony in the Wells Fargo IPRs and the expert testimony in these IPRs. USA didn't use the same expert and did not offer the same testimony. Here, USA... I'm not sure what that means. I mean, I'm at a disadvantage, I guess, because I don't know the record in Wells Fargo as well as I know in this case. But the fact that they're different experts doesn't matter. Wasn't the be-all and end-all of what the experts were conveying the same in both cases? No, not at all, Your Honor. In fact, whereas the board found USA's expert credible in the Wells Fargo case and Wells Fargo's expert not credible expressly, it expressly found PNC's expert credible here and USA's expert not credible in these IPRs. And in particular, and the board points this out, I think, Your Honors, a very good synopsis of why every one of USA's arguments here fails can be found in the board's decision-denying rehearing of the final written decisions here, where they go through every one of USA's arguments and explain why USA is wrong about what the final written decisions say. But to give an example to Your Honor, one of the things that Wells Fargo's expert testified, and this was an admission that the Wells Fargo panel found to be important, was that if you were to substitute, if you were to use the Yoon technique with Nepomniachtchik, you would remove user judgment and there would be no criteria used before the check image was snapped, other than alignment with the alignment guide. And the panel in Wells Fargo found that very significant. Here, the testimony was the opposite. Here, the testimony, and the board credited this, was that by the year 2009, the cameras on mobile phones had features like autofocus and exposure controls, and those things would be used in conjunction to help make sure the image capture was suitable. And in addition, that the user would exercise his or her judgment in hovering the device over the document to snap the photograph. So I do think, Your Honor, respectfully, that the difference in the expert testimony as between the two proceedings is meaningful and substantive here. And I will say, Your Honor, what is the standard that we should use to determine whether there is a problematic inconsistency between the two cases? Well, the interesting thing, Your Honor, is that the main case that USAID points to is the Vicor case. And what Vicor says is that the board... No, I'm asking you what the right standard is. Well, I think, Your Honor, that the standard is that the board has to provide some explanation for why it's reaching different outcomes in a case where it's actually the same evidence. Here, it's not the same evidence at all. It's very different. In the Vicor case, it was exactly the same record, exactly the same parties, and the board reached diametrically opposed decisions on objective indicia of non-obviousness and how they would factor in. Here, we don't have the same prior art, we don't have the same parties, we don't have the same expert testimony, and importantly, we don't have the same obviousness theory being put forth. So there's simply no inconsistency, and I don't think anything that the court needs to investigate there. But if you did find that it was the same, you'd look for some explanation from the board. And here, there's copious explanations throughout the board's final written decision as well as its decisions denying rehearing of the final written decision, explaining exactly why it reached the outcome that it did here, notwithstanding what it found in Wells Fargo. And I'd like to bring your honors back to where Mr. Jay did, and that's at appendix page 41. This is where he took you when you asked him to point you to something that showed that there was an inconsistent finding about a piece of prior art as between two proceedings. And he pointed you to this last paragraph at appendix page 41. What he pointed you to there is the statement that the Nepomniachtchi reference might teach techniques to correct for projective distortion of the server. But what the board goes on to say is essentially we're not going to find that that was the preferred approach. There's not evidence to show that that was the preferred approach such that we need to assume it would have been incorporated into the Acharya reference that PMC is relying on here. They say those are just two different techniques, and we don't find that there's a preference for one over the other, nor that they would be mutually exclusive. And then again, turning to page 43 of the appendix, almost the very next page, it determines that all that prior art that the Wells Fargo panel considered, that it disclosed alternative approaches, but those alternative approaches didn't teach away from the solution that was set forth in the PMC IPR petitions. And so there's simply no conflict. There's really not even any tension between the Wells Fargo findings and the PMC in the findings here, because the board thoroughly went through its reasons for reaching the different outcomes. Unless your honors have questions, I will cede the remainder of my time. Judge Cunningham? No questions. Okay. Thank you very much. All right. Thank you. Mr. Jay, you have two minutes. Thank you, Your Honor. A few key points about the similarity between the Wells Fargo art and the art in this case. My friend relied on the notion that autofocus is the difference. Autofocus is in Yoon just like in Luo, and you will find that both in the Wells Fargo panel decision at 4519 and in paragraph 29 of Yoon, page 4319 of the appendix. So that is just not a difference. What my friend is defending is the idea that it is somehow a different set of prior art when you swap out one reference involving business cards for another. But the teachings of the prior art on the- But for the independent claims, it's different. It's entirely different prior art, right? In the sense that the references they put in their petition are a different combination. The prior art is not different, Your Honor, in the sense that you have to look at the prior art in its entirety. Yeah, but that's the problem, that if we have to go deeply into the record in another case to find that the prior art is the same and then saying, well, you treated prior art, which is the same, differently. I mean, that really puts quite a burden on the board and quite a burden on us, and I'm not aware of any case that deals with arbitrary inconsistency that requires that kind of analysis. Well, but in this case, of course, we've put the relevant art in the record. So in other words, we're not asking the court to go and search through the art cited in Wells Fargo. And what we are asking you to look at is the findings in Wells Fargo about the very same subjects, such as does better aligned... I'm sorry, I'm just cutting in. But what is your legal support that does put this type of burden on either the board or on our court? So the obligation of an agency is to render consistent decisions or, if it's changing its mind, to render an explanation that allows, as this court has said, allows the reviewing court to decide that the board has done its job. And in this case, its explanations were only that these aren't the references that Wells Fargo... I'm sorry, that PNC put in its obviousness combination. It did not make a finding that the references are or are not substantively the same. And the only thing you were offered by my friend was the notion about autofocus, which is incorrect, as I think I've shown. But the board didn't find that the references in the two proceedings were the same. You just said that, right? It didn't find that they were the same. It dismissed all of the... You're asking us to say that they're the same and therefore the board was inconsistent. We're asking you to find that the board's reasoning for dismissing the Wells Fargo conclusion was either legally erroneous because it did not address the prior art as a whole, only the references that the petitioner amassed, or that it doesn't have enough explanation of why the references aren't the same, given the argument that we put in supported by evidence. Under the APA, for its decision not to be arbitrary and capricious, it at least has to give a reasoned response to the arguments that we've made. I think we've shown that all they've done is swap out one business card reference for the other, and there is no substantive difference between them. The board did not make a finding that what I've just said is wrong. It just didn't confront it. But your only support for there being no substantive difference is that expert testimony that you pointed me to in answering one of my prior questions? Is that right, or is there something else? The references themselves, Your Honor. The two petitions, in Wahir and in Wells Fargo, what does it draw from these references? That an alignment guide used to capture business cards and one implementation of it is auto-capture rather than manual capture. They are, in substance, exactly the same. That comes right off the face of the references. There's really nothing in the record to contradict what I've said. What my friend tried to go to was this point in the Luo reference that it teaches that its images would be perfect, but that's not correct. It seems like you're asking this court to do some sort of backgrounding, though. At least that's my current feeling in listening to what you were actually saying. All we're asking you to decide, and we specifically have not asked you to resolve this question, all we've asked you to decide is that the board, which relied too heavily on the notion that the combinations are different without looking at whether there was any substantive difference, the board did not give an explanation of what it did that passes either the legal definition of obviousness or the standards for arbitrary and capricious review. The problem is that you haven't given us any case from our court or from any other court, and there are a lot of administrative agencies, there's a lot of administrative law, finding that an agency was arbitrary and capricious in circumstances like this where you're saying that it's inconsistent because we should find or the board should find an inconsistency that they didn't themselves articulate on the face of the decision. So Judge Zeke, you've asked me several times about whether the finding is inconsistent about the same reference, and I think that if you look at this court's decisions that we've cited, not just VICOR but also BASF and Emerson Electric, that not everything lines up perfectly. Sometimes it's a different patent with slightly different wording, but the same reference. Here it's the same patent but references that are substantively no different. The obligation of an agency to render consistent decisions, that's bedrock APA principle, and when it's put at issue, so in other words, we're not asking anyone to go search for new art that's not of record. When all the art is in the record and when the findings that the Wells Fargo panel made are so diametrically opposed to what PNC is arguing, it's incumbent on the agency to explain either, this is like FCC versus Fox, the Supreme Court's admonition that when an agency changes its mind, it has to recognize that it's doing so and say so, that either the agency has to say that, which it didn't do here, or it has to give some other explanation for why it's doing. And all you got here was that, well, Nopomniachtchi was in the combination there, here it's of record but it's not in the combination. That's not a legally relevant distinction. I think we're out of time. Thank you. Thank you, Your Honor.